ARIZONA *v.* CALIFORNIA ET AL.

No. 8, Orig.   Decided June 3, 1963—Decree entered March 9, 1964—
   Amended decree entered February 28, 1966—Decided and supplemental
   decree entered January 9, 1979—Decided March 30, 1983—Second sup-
   plemental decree entered April 16, 1984

SECOND SUPPLEMENTAL DECREE.

The Court having, on March 30, 1983, rendered its decision on the several Exceptions to the Final Report of the Special Master herein, approving the recommendation that the Fort Mojave Indian Tribe, the Chemehuevi Indian Tribe, the Colorado River Indian Tribes, the Quechan Indian Tribe, and the Cocopah Indian Tribe be permitted to intervene, approving some of his further recommendations and disapproving others, all as specified in this Court's opinion, 460 U. S. 605 (1983), the following supplemental decree is now entered to implement the decision of March 30, 1983.

IT IS ORDERED, ADJUDGED, AND DECREED:

A.  Paragraphs (2) and (5) of Article II(D) of the Decree in this case entered on March 9, 1964 (376 U. S. 340, 344–345), are hereby amended to read as follows:

(2)  The Cocopah Indian Reservation in annual quantities not to exceed (i) 9,707 acre-feet of diversions from the mainstream or (ii) the quantity of water necessary to supply the consumptive use required for irrigation of 1,524 acres and for the satisfaction of related uses, whichever of (i) or (ii) is less, with priority dates of September 27, 1917, for lands reserved by the Executive Order of said date; June 24, 1974, for lands reserved by the Act of June 24, 1974 (88 Stat. 266, 269);

(5) The Fort Mojave Indian Reservation in annual quantities not to exceed (i) 129,767 acre-feet of diversions from the mainstream or (ii) the quantity of mainstream water necessary to supply the consumptive use required for irrigation of 20,076 acres and for the satisfaction of related uses, whichever of (i) or (ii) is less, with priority dates of September 19, 1890, for lands transferred by the Executive Order of said date; February 2, 1911, for lands reserved by the Executive Order of said date; provided that the quantities fixed in this paragraph, and in paragraphs 1, 2, 3, and 4 shall be subject to appropriate adjustments by agreement or decree of this Court in the event that the boundaries of the respective reservations are finally determined.

B. Paragraph I(A) of the Decree of January 9, 1979 (439 U. S. 419, 423) is hereby amended to read as follows:

# I

## ARIZONA

### A. Federal Establishments' Present Perfected Rights

The federal establishments named in Art. II, subdivision (D), paragraphs (2), (4), and (5) of the Decree entered March 9, 1964, in this case:

| Defined Area of Land | Annual Diversions (Acre-Feet)* | Net Acres* | Priority Date |
|---|---|---|---|
| 1) Cocopah Indian Reservation | 7,681 | 1,206 | Sept. 27, 1917 |
| 2) Colorado River Indian Reservation | 358,400 | 53,768 | Mar. 3, 1865 |
| | 252,016 | 37,808 | Nov. 22, 1873 |
| | 51,986 | 7,799 | Nov. 16, 1874 |
| 3) Fort Mojave Indian Reservation | 27,969 | 4,327 | Sept. 18, 1890 |
| | 75,566 | 11,691 | Feb. 2, 1911 |

*The quantity of water in each instance is measured by (i) diversions or (ii) consumptive use required for irrigation of the respective acreage and for satisfaction of related uses, whichever of (i) or (ii) is less.

C. In addition to the mainstream diversion rights in favor of the Indian Reservations specified in Paragraph I(A) of the Decree of January 9, 1979, as amended by Paragraph B of this decree, a mainstream diversion right of 2,026 acre-feet for the Cocopah Reservation shall be charged against the State of Arizona with a priority date of June 24, 1974.

D. Except as otherwise provided herein, the Decree entered on March 9, 1964, and the Supplemental Decree entered on January 9, 1979, shall remain in full force and effect.

E. The allocation of costs previously made by the Special Master is approved and no further costs shall be taxed in this Court, absent further proceedings after entry of this Decree.

F. The Special Master appointed by the Court is discharged with the thanks of the Court.

G. The Court shall retain jurisdiction herein to order such further proceedings and enter such supplemental decree as may be deemed appropriate.

JUSTICE MARSHALL took no part in the consideration or decision of this matter.