

NOT FOR PUBLICATION

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>ROSA FRIDMAN,<br>　　　　　　Debtor. | BAP No. CC-22-1242-LSF<br><br>Bk. No. 8:21-bk-10513-SC |
| ROSA FRIDMAN,<br>　　　　　Appellant,<br>v.<br>KARL AVETOOM,<br>　　　　　Appellee. | MEMORANDUM* |

Appeal from the United States Bankruptcy Court
for the Central District of California
Erithe A. Smith,[1] Bankruptcy Judge, Presiding

Before: LAFFERTY, SPRAKER, and FARIS, Bankruptcy Judges.

## INTRODUCTION

Debtor Rosa Fridman appeals the bankruptcy court's dismissal of her chapter 7[2] bankruptcy case with a one-year bar on refiling and the order denying modification of the dismissal order.[3] Seeing no error, we AFFIRM.

---

\* This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

[1] Hon. Hon. Erithe A. Smith decided the dismissal motion. The case was then assigned to Hon. Scott C. Clarkson who decided Fridman's motion to modify order of dismissal.

[2] Unless specified otherwise, all chapter and section references are to the

1

**FACTS[4]**

## A. Overview of the bankruptcy case

Rosa Fridman filed her chapter 7 petition on February 26, 2021. Appellee Karl Avetoom is a creditor with a state court judgment obtained in 2011 against Fridman which exceeds $1.2 million.[5] The trustee filed his no-asset report in September 2021. Ultimately, based on Avetoom's motion to dismiss, the bankruptcy court dismissed the case on October 31, 2022 with a one-year bar on refiling a new case under any chapter. The bankruptcy court denied Fridman's motion for reconsideration of the dismissal order.

## B. The motions to dismiss

Avetoom filed three motions to dismiss this chapter 7 case. Only the granting of the third motion is on appeal here.

---

Bankruptcy Code, 11 U.S.C. §§ 101–1532, "Rule" references are to the Federal Rules of Bankruptcy Procedure, and "Civil Rule" references are to the Federal Rules of Civil Procedure.

[3] Fridman's notice of appeal references the order denying her motion to modify order of dismissal. However, her appellate briefs make no argument about the issue and therefore it is waived and not discussed further herein. *Maloney v. T3Media, Inc.*, 853 F.3d 1004, 1019 (9th Cir. 2017) (issue not argued in briefs waived).

[4] We exercise our discretion to take judicial notice of documents electronically filed in the underlying bankruptcy case. *See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood)*, 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

[5] During the case, the bankruptcy court entered judgment in favor of Avetoom specifying that the debt owed to him is not discharged in this case based on § 523(a)(10). Fridman appealed that judgment which was affirmed by the district court. CV 22-00142 PA.

### 1.  The first motion to dismiss

Avetoom filed his first motion entitled Motion to Dismiss Bankruptcy Case Pursuant to 11 U.S.C. § 707 With 180 Day Bar to Refiling on March 23, 2021. The motion asserted that the bankruptcy petition was filed in bad faith because it was designed allegedly to interfere with a fraudulent conveyance action then pending between the parties in the Orange County Superior Court. The motion was denied at the hearing for "insufficient grounds." No order was entered.

### 2.  The second motion to dismiss

On September 30, 2021, Avetoom filed his second motion entitled Motion For An Order Dismissing Rosa Fridman's Bankruptcy Case Pursuant to 11 U.S.C. § 707, Bar to Refiling 11 U.S.C. § 349 And Vacating This Court's Lien Avoidance Order (the "Second Motion to Dismiss"). This motion is not on appeal but it is important for an understanding of the basis of the appeal.

The Second Motion to Dismiss alleged that Fridman did not complete the prepetition credit counseling "personally" as required under § 109(h)(1). The motion attached a partial transcript of the § 341(a) meeting where Fridman testified that she completed the counseling while at her condo in Huntington Beach, using an LG tablet. She testified that it took her four hours to complete the counseling, and that she was assisted by her son Val Fridman and a Russian interpreter.

Avetoom attacked that testimony as false. He included a "chat log" that he obtained from Debtorcc, the entity Fridman used to do the prepetition counseling. The chat log established that the length of the counseling was nine minutes, not four hours. Avetoom also included declarations of Jay Bhatt, the President of Debtorcc, and Bryan Swezea, an alleged expert in telecommunication and information technology. Avetoom argued that his evidence established the following:

- The course was taken in Redmond, Oregon using an IP address that did not belong to Rosa Fridman's internet provider Frontier Communications.
- The course was taken using an Apple Macintosh computer with an Intel processor and an Apple OSX 10.15 operating system.
- The OSX operating system is not available on an LG tablet.
- The Apple computer used to take the course used a Firefox 68.0 web browser.

Avetoom argued that this evidence established that Fridman did not personally take the credit counseling course and therefore the bankruptcy court was **required** to dismiss the case. He asserted also that the court could not and should not grant Fridman any relief from the failure "at this late date" for various reasons.

Fridman opposed the motion. She conceded in a declaration filed with her opposition that she completed the counseling through a Skype screenshare with her other son Alex Theory who remotely displayed the

4

pre-filing credit counseling website from his Macintosh computer while he was in Oregon. She said she accessed the Skype communication app using her LG tablet. Her son Alex pulled up the Debtorcc website on his computer at his mother's request, translated the various website pages as presented on his computer screen to Fridman from English into Russian, and then input her answers to the various questions from Russian back to English.

Fridman further argued that dismissal is not mandatory under § 109(h)(1) and that a bar on refiling is "without legal authority."

Avetoom replied, largely repeating his arguments and the evidence in his motion. The reply offered another declaration of Bryan Swezea who disputed Fridman's new recitation of the facts about how she completed the counseling, and attacked her documentation saying, in his opinion, she could not have done the counseling course using Skype and her LG Tablet.

Three days before the hearing, Fridman filed lengthy evidentiary objections to the various declarations submitted by Avetoom.

At the hearing on October 21, 2021, the bankruptcy court, obviously upset with Avetoom, noted at the outset that the case was eight months old and that Fridman had by that time completed the second required course, the financial management course. The court stated, "I choose to exercise my discretion -- which I have -- in terms of what would be an appropriate remedy if the credit counseling course was not taken" and ordered Fridman to do the credit counseling again "out of an abundance of

caution." The bankruptcy court stated at the end of the hearing that Avetoom's argument was "wholly unconvincing." It overruled Fridman's late-filed evidentiary objections telling Avetoom "[s]o if there is [an] appeal of this decision, you can include your evidence[,]" and denied the motion.

The court did not give instructions as to who was to prepare the order denying the Second Motion to Dismiss. No order was submitted to the court until five months later, March 23, 2022, when Avetoom lodged an order which the bankruptcy court entered a few days later (the "Second Motion to Dismiss Order").

**3.      Avetoom's appeal of the Second Motion to Dismiss Order**

Avetoom appealed the Second Motion to Dismiss Order to the BAP. Concurrent with the Notice of Appeal, Avetoom filed, simultaneously with the bankruptcy court and the BAP, a motion for leave to appeal the order. He argued in the motion that the Second Motion to Dismiss Order was a final order but if it was not, the court should permit the appeal of the interlocutory order.

About three weeks after the appeal was filed, Avetoom filed a pleading with the BAP entitled Notice of Development in the Bankruptcy Case and Motion to Dismiss the Entire Bankruptcy Case for Debtor's Lack of Eligibility to File Bankruptcy Mooting this Appeal. This notice advised the BAP of a hearing in the bankruptcy court on April 14, 2022, when the court "gave permission [to Avetoom] to file a[nother] motion to dismiss for lack of eligibility to be heard on or before August 18, 2022."

6

Fridman responded to this notice with a motion to the BAP requesting dismissal of the appeal arguing that the Notice of Appeal was filed too late, specifically, more than 150 days after "the order was entered" on the bankruptcy court docket. The BAP denied the motion as the bankruptcy court docket entry was not an order and the appeal was timely. However, in the same order, the BAP remanded the appeal "so the bankruptcy court can fully consider the motion to dismiss the underlying Chapter 7 case."[6] The BAP ultimately dismissed the appeal by order entered on January 4, 2023 on the basis that, by then, the bankruptcy court had dismissed the chapter 7 case and the appeal was therefore moot.

4. **Activities between the hearing on the Second Motion to Dismiss and the filing of the third motion to dismiss**

On March 25, 2022 and March 28, 2022, Avetoom conducted a debtor's exam in state court at which Fridman testified. During the March 25th examination, Fridman testified that she did not know what Skype was and that she did not sign the declaration included with her opposition to the Second Motion to Dismiss. During the March 28th examination, Fridman asserted her Fifth Amendment right not to incriminate herself "as to all questions asked regarding bank accounts, trusts and/or wills, and any discussions regarding finances."

---

[6] The same order suspended consideration of the pending motion for leave to appeal until after the resolution of the new motion to dismiss.

In the meantime, a separate skirmish was going on in the bankruptcy court over Avetoom's objection to Fridman's homestead exemption. A hearing took place on that objection on February 24, 2022[7] which was continued to April 14, 2022. Avetoom had filed a reply to Fridman's opposition to his objection to her homestead exemption prior to the February hearing but a copy had not been provided to the bankruptcy court prior to that hearing. The court was however able to review the reply prior to the April hearing and noted that the reply "raised some really serious allegations" about whether Fridman completed the credit counseling as she claimed. The reply had focused on Fridman's alleged failure to take the credit counseling course arguing, in part, that that failure should result in dismissal of her case (which would render the homestead exemption issue moot).

The bankruptcy court ruled at the April 14th hearing that its decision on Avetoom's objection to the homestead exemption would be held in abeyance until August 18, 2022 "or until a determination has been made on any subsequent motion to dismiss the case filed by Mr. Avetoom, whichever occurs first." Throughout the April 14th hearing, the court noted that if Avetoom filed another motion to dismiss, the Rules permitted him to propound discovery in connection with that motion.

---

[7] The court's tentative ruling for the February 24 hearing stated that Avetoom could not raise the alleged failure to take the credit counseling again because the Second Motion to Dismiss Order (which unbeknownst to the court had not yet been entered) was final and issue preclusion prevented him from raising it again.

Avetoom propounded written discovery to Fridman to which she responded and thereafter took her deposition. At the deposition she testified that she had used Skype on her LG tablet in the past.

### 5. The third motion to dismiss

On August 8, 2022, Avetoom filed his third motion to dismiss entitled Motion for an Order Dismissing Debtor's Bankruptcy Case Section 109(h), Spoiliation [sic], Bar to Refiling for Two Years, and Disgorgement of Fees (the "Third Motion to Dismiss"). The Third Motion to Dismiss largely repeated the legal arguments made in the Second Motion to Dismiss, but it contained some new evidence. It disputed Fridman's claims in her opposition to the Second Motion to Dismiss that she used Skype on her LG tablet to facilitate the credit counseling through her son, then in Oregon. It offered evidence that she had no username or email that she could have used to log into Skype. It offered evidence that Microsoft had no record of any calls Fridman made using Skype going back to 2017.

Avetoom also noted that Fridman refused his request that she turnover the LG tablet so that his expert could examine it. Fridman had responded that, by the time of the request, the tablet was broken and therefore she had disposed of it. Avetoom argued that this was spoliation of evidence.

Avetoom further argued that Fridman's testimony at the state court debtor's exam, five months after the ruling on the Second Motion to Dismiss, established that she lied in her opposition to the Second Motion to

9

Dismiss about taking the credit counseling course and on that basis her bankruptcy case should be dismissed.

Fridman opposed the Third Motion to Dismiss arguing that issue preclusion prevented the motion and that "material new facts" were required to defeat issue preclusion. She maintained that, at most, Avetoom had found more evidence of the same allegations previously made, which was insufficient to avoid issue preclusion. Fridman went to great length to attack Avetoom's new facts as being incomplete, misleading, or explainable, and therefore not determinative of the issue of whether Fridman was eligible for chapter 7.

Avetoom replied that Fridman was adding "new facts" as well which was improper because they were "undisclosed and unauthenticated." He argued that issue preclusion did not apply because of the new facts he presented.

After a hearing, the court entered its memorandum of decision and order on October 31, 2022 granting the Third Motion to Dismiss with a one-year bar on refiling. The memorandum focused on whether the issue of failure to take the credit counseling course was jurisdictional and concluded that it was not. It did however conclude that dismissal for failure to complete the counseling prepetition was mandatory. The bankruptcy court summarized the facts in some detail including the evidence propounded in the Second Motion to Dismiss as well as evidence in the Third Motion to Dismiss. The court made a single comment that

issue preclusion did not apply because "the evidence presented in support of the [third] Motion included evidence not available at the time the Second MTD was filed [and therefore] the doctrine of issue preclusion does not apply." The bankruptcy court concluded with a finding that "the filing of the credit counseling certificate by Debtor constitutes a serious misrepresentation to the Court, warranting dismissal of the case with a one (1) year restriction against re-filing."

Fridman timely appealed.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(1) and (b)(2)(A). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Did the bankruptcy court err in granting the Third Motion to Dismiss?

## STANDARDS OF REVIEW

We review for abuse of discretion the bankruptcy court's decision to dismiss a chapter 7 case for "cause." *Sherman v. SEC (In re Sherman)*, 491 F.3d 948, 969 (9th Cir. 2007).

We review de novo the bankruptcy court's determination that issue preclusion is available. *Af–Cap Inc. v. Chevron Overseas (Congo) Ltd.*, 475 F.3d 1080, 1086 (9th Cir. 2007) (citation omitted). If we determine that issue preclusion is available, we then review the court's decision to apply it for

11

an abuse of discretion. *Robi v. Five Platters, Inc.*, 838 F.2d 318, 321 (9th Cir. 1988).

"De novo review requires that we consider a matter anew, as if no decision had been made previously." *Francis v. Wallace (In re Francis)*, 505 B.R. 914, 917 (9th Cir. BAP 2014) (citations omitted). When we review a matter de novo, we give no deference to the bankruptcy court's decision. *Id.*

To determine whether the bankruptcy court has abused its discretion, we conduct a two-step inquiry: (1) we review de novo whether the bankruptcy court "identified the correct legal rule to apply to the relief requested" and (2) if it did, we consider whether the bankruptcy court's application of the legal standard was illogical, implausible, or without support in inferences that may be drawn from the facts in the record. *United States v. Hinkson*, 585 F.3d 1247, 1262-63 & n.21 (9th Cir. 2009) (en banc).

We may affirm on any basis supported by the record. *Black v. Bonnie Springs Family Ltd. P'ship (In re Black)*, 487 B.R. 202, 211 (9th Cir. BAP 2013).

## DISCUSSION

Fridman's opening brief makes two arguments: first, that issue preclusion bars the granting of the Third Motion to Dismiss based on the bankruptcy court's denial of the Second Motion to Dismiss; and second, that claim preclusion bars the dismissal for the same reason. Fridman does

not dispute the bankruptcy court's ruling that dismissal was mandatory, nor does she argue that its factual findings were clearly erroneous. She states,

> [t]he question in this appeal is not whether the court below got it right. Rather, the question is when the bankruptcy court got it right, since neither party can defend each of the rulings on the § 109(h) issue nor each of the bankruptcy court's legal determinations regarding whether dismissal is mandatory.

Opening Br., p. 9. Nor does she argue that the bankruptcy court should not have entered a one-year bar on refiling the case. We therefore limit our discussion to preclusion and related issues.

## A. The bankruptcy court did not err in ruling that issue preclusion did not apply on these facts.

The bankruptcy court did not discuss the specific requirements for the applicability of issue preclusion in its memorandum of decision, other than to note that it did not apply to prevent the court from granting the Third Motion to Dismiss. We see no error in the court's conclusion.

Issue preclusion refers to "the preclusive effect of a judgment in foreclosing relitigation of issues that have been actually and necessarily decided in earlier litigation." *Frankfort Digit. Servs. v. Kistler (In re Reynoso)*, 477 F.3d 1117, 1122 (9th Cir. 2007) (quoting *Frank v. United Airlines, Inc.*, 216 F.3d 845, 850 n. 4 (9th Cir. 2000)). Application of the doctrine generally requires that: (1) there be the same issue; (2) which is actually litigated and determined; (3) resulting in a valid and final judgment; (4) where the determination is essential to the judgment. See *Paine v. Griffin (In re Paine)*,

13

283 B.R. 33, 39 (9th Cir. BAP 2002) (citing Restatement (Second) of Judgments § 27; *Robi*, 838 F.2d at 322). *See also Delannoy v. Woodlawn Colonial, L.P. (In re Delannoy)*, 615 B.R. 572, 582 (9th Cir. BAP 2020) ("Reasonable doubt as to what was decided in the first suit will weigh against applying issue preclusion.") (citation omitted), *aff'd* 852 F. App'x 279 (9th Cir. 2021). There is no dispute that factors one and four apply here.

Factor two requires not only that the matter be actually litigated and determined but there must be a full and fair opportunity to litigate the claim in the previous action. *See Robi*, 838 F.2d at 322 (holding that "[t]he issue must have been 'actually decided' after a 'full and fair opportunity' for litigation"). On this record, given these unique facts, we cannot conclude that Avetoom had a fair opportunity to contest Fridman's opposition to the Second Motion to Dismiss given that she retracted her prior sworn testimony after the motion was filed and replaced it with a dubious recitation of new facts.

As to the third factor, finality, a bankruptcy court's order is final for purposes of immediate appeal under 28 U.S.C. § 158(a)(1) if: (1) it fully and finally determined the discrete issue or issues it presented; and (2) the resolution of discrete issues seriously affected substantive rights. *Linton v. Colpo Talpa, LLC (In re Linton)*, 631 B.R. 882, 891 (9th Cir. BAP 2021) *aff'd*, Case No. 21-60053, 2022 WL 17077498 (9th Cir. Nov. 18, 2022). "[T]he Supreme Court's *Bullard-Ritzen* decisions confirmed the continued vitality

14

of the Ninth Circuit's 'pragmatic' or 'flexible' approach to finality in bankruptcy." *Id.* (citation omitted).

It is a close call whether the Second Motion to Dismiss Order is a final order,[8] but in any event, as we discuss below, where there is evidence of fraud on the court and Civil Rule 60(b) relief is appropriate, the bankruptcy court's ruling that issue preclusion did not apply, does not leave us with the definite and firm conviction that there was a clear error of judgment, and therefore there is no abuse of discretion.[9]

---

[8] Generally, an order denying a motion to dismiss is interlocutory, *Hickman v. Hana (In re Hickman),* 384 B.R. 832, 836 (9th Cir. BAP 2008) since denial of a motion to dismiss a chapter 7 case usually neither finally resolves a discreet issue nor seriously affects the parties' substantive rights. But at least one case has suggested otherwise. *See Aspen Skiing Co. v. Cherrett (In re Cherrett)*, 873 F.3d 1060, 1065 (9th Cir. 2017). In *Cherrett*, the Ninth Circuit determined that denial of the creditor's motion to dismiss was a final order because the "order conclusively determined the discrete issue whether the Cherretts' debt was primarily non-consumer and therefore subject to discharge under Chapter 7." *Id.* Here, the order appears to have conclusively determined Fridman's eligibility to file the chapter 7 petition she filed.

[9] Neither party argued the effect of law of the case on the bankruptcy court's ruling, but we note that while the bankruptcy court's issue preclusion ruling is well supported by the record, the law of the case doctrine applies even more aptly than issue preclusion to affirm the court's decision to grant the Third Motion to Dismiss. It is true that a court is generally precluded from reconsidering a ruling or factual finding that it has made in the past, but the standard is lower when the court determines that its own prior order was clearly erroneous and its enforcement of the order would work manifest injustice. *See Arizona v. California,* 460 U.S. 605, 618 n.8 (1983), *decision supplemented,* 466 U.S. 144 (1984). In *Arizona,* the Supreme Court stated, "[u]nder law of the case doctrine, as now most commonly understood, it is not improper for a court to depart from a prior holding if convinced that it is clearly erroneous and would work a manifest injustice." *Id.* And as the BAP recently stated, the "law of the case test is less stringent than issue preclusion," *Ebuehi v. U.S. Tr.,* BAP No. CC-21-1199-FLT, 2022 WL 703911 at *7 n.3 (9th Cir BAP Mar. 8, 2022) (citing *Arizona,* 460 U.S. at 618).

**B. Even if issue preclusion did apply, the Third Motion to Dismiss may be properly treated as a Civil Rule 60(b) motion to vacate the Second Motion to Dismiss Order based on Fridman's misrepresentations to the bankruptcy court.**

Civil Rule 60(b), made applicable to this matter by Rule 9024, permits a court to "relieve a party . . . from a final judgment, order or proceeding for [among other reasons] . . . 3) fraud . . ., misrepresentation, or misconduct by an opposing party . . . or; 6) any other reason that justifies relief."

"Decisions on '[m]otions for relief from judgment under Rule 60(b) are reviewed for abuse of discretion.'" *Flores v. Rosen*, 984 F.3d 720, 731 (9th Cir. 2020) (cleaned up).

Fraud or misrepresentation is a specified basis for relieving a party from a judgment or order induced thereby. As the Ninth Circuit stated in *United States v. Sierra Pacific Industries*, 862 F.3d 1157, 1167-68 (9th Cir. 2017), "[i]n determining whether fraud constitutes fraud on the court, the relevant inquiry is not whether fraudulent conduct 'prejudiced the opposing party,' but whether it 'harmed the integrity of the judicial process.'" (Citations omitted). Fraud on the court must be an "intentional, material misrepresentation." *Id.* at 1168 (citation omitted). The fraud "must involve an unconscionable plan or scheme which is designed to improperly influence the court in its decision." *Id.* (citation omitted). "[T]he newly discovered misrepresentations must 'significantly change the picture already drawn by previously available evidence.'" *Id.* (citation omitted).

16

Avetoom based his Second Motion to Dismiss primarily on Fridman's previous statements at the meeting of creditors about the circumstances under which she completed the credit counseling. Fridman testified at that time that she completed the credit counseling on-line from her home, over a four-hour period, with the help of her son. But in her opposition to the Second Motion to Dismiss, she essentially conceded that her statements at the meeting of creditors were false. She recited a new set of facts, i.e., that she used Skype with her LG tablet to connect, not to the credit counselor's website, but to a different son, who then connected to the website. The court accepted the new facts and denied the Second Motion to Dismiss on that basis.

In his Third Motion to Dismiss, filed after further testimony of Fridman in state court, and after appropriate discovery, Avetoom offered new evidence which led to the court's finding that Fridman's new recitation of the facts offered in opposition to the Second Motion to Dismiss was an intentional, material misrepresentation. The bankruptcy court concluded that Fridman's certificate falsely certifying that she had personally completed the counseling was a serious misrepresentation which warranted not only dismissal of the case, but the extraordinary remedy of a bar on future filings of any bankruptcy case for one year.

In effect, the bankruptcy court appropriately vacated its prior order denying the motion to dismiss and granted the subsequent motion to dismiss. It is apparent that the bankruptcy court believed, when making

17

the ruling on the Second Motion to Dismiss, that Fridman had made a good faith attempt to comply with the credit counseling requirement prior to filing her case. We reach that conclusion from the court's comment at the hearing on the Second Motion to Dismiss that it had discretion as to the remedy in the event the counseling had not been completed and intended to use that discretion to fashion a remedy short of dismissing the case. The court's change of heart resulted from Avetoom's well-documented critique of the facts in the third motion. Not only had she not completed the counseling herself in the way she described on two separate occasions, but it is also apparent to this Panel that her steadfast refusal to admit that in the face of the evidence establishing the misrepresentation further supported the conclusion that reconsideration of the Second Motion to Dismiss Order was warranted.

Fridman's false and inconsistent statements harmed the integrity of the judicial process, and Rule 60(b)(3) permitted the court to reconsider its previous ruling and reach a different result. The court's ruling under these circumstances was not illogical, implausible, or without support in inferences that may be drawn from the facts in the record.

## C. Fridman did not argue claim preclusion before the bankruptcy court and waived that argument.

Generally, "[a] litigant may waive an issue by failing to raise it in a bankruptcy court." *Mano–Y & M, Ltd. v. Field (In re Mortg. Store, Inc.)*, 773 F.3d 990, 998 (9th Cir. 2014) (citations omitted). *See also Hasse v. Rainsdon (In*

18

*re Pringle)*, 495 B.R. 447, 453 n.2 (9th Cir. BAP 2013) (declining to address an issue when the argument was raised for the first time on appeal).

Fridman argues in her opening brief to this Panel and again in her reply brief that claim preclusion applies to prevent the bankruptcy court from making its ruling on the Third Motion to Dismiss. But she made no such argument in her opposition to that motion before the bankruptcy court. Thus, we will not consider this new argument.

Even if claim preclusion did apply, our analysis of the availability of Rule 60(b) would apply equally to claim preclusion as it does to issue preclusion, and therefore there is no error.

## CONCLUSION

For these reasons set forth above, we AFFIRM.